UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

        Plaintiff,

v.                                 Case No. 3:25-cv-1119-MMH-MCR

C.O. G. STAAT and SGT. TERRELL,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff James T. Murzike, an inmate of the Florida penal system, filed a pro se document titled "Injunction & Restraining Order" (Doc. 1) dated September 16, 2025 (mailbox rule). In the filing, Murzike asserts he has been physically and sexually abused, threatened to dismiss his lawsuits, and denied medical treatment. As relief, he requests that an "outside authority" investigate his allegations, the State Attorney file criminal charges against Defendants, and that he receive medical care.

The Court is of the opinion that injunctive relief is not warranted.

> "A preliminary injunction is an extraordinary remedy never awarded as of right," id.[1] at 1077 (internal quotation marks omitted), and the party

---

[1] Fed. Trade Comm'n v. On Point Cap. Partners LLC, 17 F.4th 1066 (11th Cir. 2021).

> seeking that remedy must satisfy a four-part test, <u>Otto v. City of Boca Raton</u>, 981 F.3d 854, 860 (11th Cir. 2020). First, it must prove that "it has a substantial likelihood of success on the merits." <u>Id.</u> (internal quotation marks omitted). Second, it must prove that it will suffer irreparable injury unless the injunction issues. <u>Id.</u> Third, it must prove that the injury that threatens it "outweighs whatever damage the proposed injunction may cause the opposing party." <u>Id.</u> (internal quotation marks omitted). Finally, it must prove that "the injunction would not be adverse to the public interest" if issued. <u>Id.</u> (internal quotation marks omitted).

<u>Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health</u>, 50 F.4th 1126, 1134–35 (11th Cir. 2022); <u>Keister v. Bell</u>, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. <u>See</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998). Here, Murzike has failed to carry his burden and failed to comply with the requirements of the applicable Federal Rules of Civil Procedure and the Court's Local Rules. <u>See, e.g.</u>, Fed. R. Civ. P. 65; M.D. Fla. R. 6.01, 6.02 (detailing the requirements for a motion seeking a temporary restraining order or preliminary injunction). Therefore, his request is due to be denied.

    Additionally, insofar as Murzike seeks to challenge the conditions of his confinement, he has not properly initiated a case under Federal Rule of Civil Procedure 3 ("A civil action is commenced by filing a complaint with the

court."). As Murzike has been repeatedly advised,[2] the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]"). Murzike has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form. Murzike is further advised that due to his three-strikes status under 28 U.S.C. § 1915(g),[3] he must either allege facts showing he is in imminent danger of serious physical injury at the time he files the case or pay the full filing fee.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Murzike a civil rights complaint form. If Murzike chooses to refile his claims, he may do so on the enclosed form. He

---

[2] Case Nos. 3:23-cv-1496-MMH-JBT, 3:23-cv-179-MMH-LLL, 3:23-cv-75-MMH-MCR, 3:22-cv-1359-HLA-PDB, 3:22-cv-1290-HES-LLL, 3:22-cv-598-BJD-MCR, 3:18-cv-1366-MMH-PDB, 3:24-cv-243-WWB-LLL, 3:24-cv-433-TJC-PDB, 3:24-cv-1100-MMH-PDB, 3:24-cv-1135-TJC-SJH, 3:24-cv-1184-MMH-LLL, 3:25-cv-65-MMH-MCR, 3:25-cv-807-MMH-MCR.

[3] Murzike is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See Order (Doc. 6), No. 3:24-cv-347-MCR-ZCB (N.D. Fla. Oct. 25, 2024).

should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, this 29th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
c:
James T. Murzike, #L07713